# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

| UNITED STATES | : | |
| --- | --- | --- |
| | : | |
| v. | : | Case No. PJM-22-0209 |
| | : | |
| NICHOLAS ROSKE | : | |
| | : | |
| Defendant | : | |

## MOTION TO SEAL EXHIBITS

Comes now Nicholas Roske, the Defendant, by and through Andrew R. Szekely, Assistant Federal Public Defender, and hereby moves, pursuant to Local Rule 207.2, to file four exhibits under seal.

## LEGAL STANDARD

Local Rule 207.2 provides:

> Any post-arrest motion seeking the sealing of filings other than charging documents shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will rule on such motion after sufficient time has passed to permit the filing of objections. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw or redact the materials.

When deciding whether to seal or otherwise restrict access to judicial documents, courts must balance competing interests.

> On one hand, 'the Supreme Court [has] recognized a common law right to inspect and copy judicial records and documents, *In re. Knight Pub.* Col., 743 F.2d 231, 235 (4th Cir. 1984). However, '[t]his right of access to court records is not absolute,' and '[t]he trial court . . . may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.' *See id.*"

*United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018).

In *Harris*, the Fourth Circuit reversed the district court's denial of a request to restrict public access to the defendant's sentencing memorandum, "which contained private and personal details about Harris and his wife and child, as well as photographs," and directed to the district court to allow Mr. Harris to file portions of his sentencing memorandum under seal that identified his family."

In so holding, the *Harris* court explained that "Courts have recognized that an interest in protecting the physical and psychological well-being of individuals related to the litigation, including family members and particularly minors, may justify restricting access. . . ." Consistent with this interest, Local Rule 213 mandates the confidentiality of presentence reports, designating them as a "confidential internal court document to which the public has no right of access."

**ARGUMENT**

Mr. Roske's Motion to Suppress Warrantless Search and Seizure is supported by five exhibits. Exhibits A, C, D, and E, should all be placed under seal because they contain personally identifying information (PII).

Exhibit A is the unredacted 911 call that contains PII, including the home address, of Associate Supreme Court Justice Brett Kavanaugh. Counsel has prepared a redacted transcript and filed it as Exhibit B to his motion.

Exhibits C, D, and E are the body worn camera footage of three Montgomery County police officers. Both their conversations and the police radio communication in the background contain PII related to Justice Kavanaugh, Mr. Roske, and Mr. Roske's family. Redacting the videos in not feasible; therefore Mr. Roske asks to file the videos under seal.

Mr. Roske will provide copies of the Exhibits to Chambers via a filesharing link.

Wherefore, Mr. Roske requests that the Court seal Exhibits A, C, D, and E to his Motion to Suppress Warrantless Search and Seizure.

Respectfully submitted,

James Wyda
Federal Public Defender
  for the District of Maryland

\_\_\_/s/_____
Andrew R. Szekely
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax:  (410) 962-3976
Email: andrew_szekely@fd.org